I concur in the majority's disposition of appellant's first assignment or error. I agree the contracts are not ambiguous. However, because the contracts do not include an integration clause, parole evidence is admissible to show supplemental agreements which do not contradict or vary the terms contained within the written contracts.
I find appellant's conversations with Barb O'Flaherty are admissible relative to whether there was a supplemental agreement for call options. However, because there was no meeting of the minds as to whether or not appellee was required to exercise the call options prior to receipt of a deposit by appellant, no binding contract resulted. Such missing material term cannot be established in the case sub judice by past dealings between the parties and, as noted by the majority, the evidence from appellant himself is inapposite to any suggestion that the common practice in the industry was to place call orders without a deposit. Accordingly, I join in the majority's decision to overrule this assignment of error.
I disagree with the majority's decision to overrule appellant's second assignment of error. Because there exists a genuine dispute as to when appellee "learned of the breach," I believe the trial court could not resolve this factual dispute at the summary judgment stage. Accordingly, I would sustain this assignment of error and remain the matter to the trial court for further proceedings on the issue of damages only.